UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

BRENNAN CENTER FOR JUSTICE AT NEW
YORK UNIVERSITY SCHOOL OF LAW,

                Plaintiff,

          - against -

U.S. DEPARTMENT OF HOMELAND
SECURITY, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, and FEDERAL
BUREAU OF INVESTIGATION,

                Defendants.

------------------------------------------------------------

Case No:  23-5372

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF FOR
VIOLATION OF THE FREEDOM OF
INFORMATION ACT, 5 U.S.C. § 552
*et seq.*

       Plaintiff the Brennan Center for Justice at New York University School of Law ("Brennan Center" or "Plaintiff"), by and through its undersigned attorneys, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendants United States Department of Homeland Security ("DHS"), its components the Office of Intelligence and Analysis ("I&A"), the Office of Inspector General ("OIG"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE"), and the Federal Bureau of Investigation ("FBI").[1][2] In support thereof, Plaintiff alleges as follows:

**<u>INTRODUCTION</u>**

       1.    Plaintiff Brennan Center is a nonprofit, nonpartisan law and public policy institute that works to reform, revitalize, and, when necessary, defend American systems of democracy and justice.

---

[1] This complaint does not purport to represent the position, if any, of New York University School of Law.

[2] Plaintiff's Exhibit A provides a procedural timeline of each FOIA request submitted by Plaintiff.

2.    On March 21, 2022, Plaintiff submitted one FOIA request to Defendant DHS for specific reports about, and other records relating to, I&A's intelligence gathering in the wake of the racial justice protests that occurred in the summer of 2020 in Portland, Oregon (the "2022 Request"). *See* Ex. B.

3.    On January 27, 2023, Plaintiff submitted four FOIA requests to Defendant DHS for records relating to various interrelated security and intelligence programs, including expanded watchlisting regimes, legal justifications for intelligence activities, research security programs, and exploitation of electronic devices (collectively, the "January 2023 Requests"). *See* Exs. C–F. One of the January 2023 Requests was also submitted to Defendant FBI. *See* Ex. C.

4.    The records regarding the government's security and intelligence programs sought by the 2022 Request and January 2023 Requests are essential for ensuring transparency and accountability of federal agencies with a wide-ranging mandate and a checkered history when it comes to the rights of civilians, and for the public to understand the impacts of these programs that the government administers on their behalf. Given the intersection of government oversight and constitutional freedoms, the public interest in the release of these documents is of the highest order.

5.    FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

6.      Defendants have failed to comply with their obligations under FOIA. As of the date of this filing, Defendants DHS and its offices and components I&A and OIG have not issued final determinations in response to Plaintiff's 2022 Request. Defendants DHS and FBI, along with DHS's offices and components I&A, CBP, and ICE, have not issued final determinations in response to three of Plaintiff's four January 2023 Requests. As to Plaintiff's January 2023 Request regarding watchlisting (Ex. C), DHS improperly issued a final response and FBI closed the Request, stating that the requested records were exempt from production under 5 U.S.C. § 552(b)(7)(e). Plaintiff filed an administrative appeal of this determination but has not received a response.

7.      No Defendant has yet produced a single document.

8.      Plaintiff brings this action to compel Defendants to immediately process and release to Plaintiff all responsive records that they have unlawfully withheld.

## PARTIES

9.      Plaintiff is a nonprofit, nonpartisan law and policy institute that is focused on fundamental issues of democracy and justice. Plaintiff's Liberty and National Security Program uses innovative policy recommendations, litigation, and public advocacy to advance effective national security policies that respect the rule of law and constitutional values. Plaintiff regularly writes and publishes reports and articles and appears on media outlets to address U.S. policy issues ranging from counterterrorism efforts to voting rights to campaign finance laws. Plaintiff is a 501(c)(3) corporation headquartered at 120 Broadway in New York, New York.

10.     Defendant DHS is a federal cabinet level department and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). I&A and OIG are offices within DHS. ICE and CBP are law

enforcement component agencies within DHS. Defendants have possession of and control over the documents and information requested by Plaintiff.

11. Defendant FBI is a component of the United States Department of Justice, an executive-branch department, and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Defendant has possession of and control over the documents and information requested by Plaintiff.

## JURISDICTION AND VENUE

12. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

13. Venue in the Southern District of New York is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in New York City.

## FACTUAL BACKGROUND

## PLAINTIFF'S MARCH 2022 FOIA REQUEST

14. Plaintiff submitted one FOIA request to Defendant DHS on March 21, 2022. *See* Ex. B.

15. The 2022 Request seeks specific reports about, and other records relating to, I&A's intelligence gathering in the wake of the racial justice protests that occurred in the summer of 2020 in Portland, Oregon. *Id*.

16. In particular, the 2022 Request seeks:

(1) A full, unredacted version of the January 6, 2021, report by the DHS Office of the General Counsel, *Report on DHS Administrative Review into I&A Open Source Collection and Dissemination Activities during Civil Unrest: Portland, Oregon, June through July 2020*;

(2) A full, unredacted version of the April 20, 2021, report prepared on behalf of the Secretary of Homeland Security pursuant to the Intelligence Authorization Act of 2021, *Office of Intelligence and Analysis Operations in Portland*;

(3) A full, unredacted version of the DHS OIG report, if completed, examining I&A's inappropriate dissemination of open-source intelligence reports on journalists in the summer of 2020, as referenced on page 8 of the January 6, 2021, report by the Office of the General Counsel;

(4) A full, unredacted version of the March 4, 2022, report by the DHS OIG, *I&A Identified Threats prior to January 6, 2021, but Did not Issue Any Intelligence Products before the U.S. Capitol Breach*;

(5) Any other DHS examination of I&A's activities in Portland, Oregon during the summer of 2020, whether or not such materials have been publicly disclosed.

*Id.*

17. Plaintiff sought expedited processing of the 2022 Request pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. 5.5(e). *See id.*

18. Plaintiff also sought a fee waiver for each of the five Requests pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 6 C.F.R. 5.11(k)(1) on the basis that disclosure of the requested records was in the public interest because disclosure was likely to contribute significantly to the public understanding of the activities or operations of the federal government and was not primarily in Plaintiff's commercial interest. *See id.* Plaintiff further stated that it qualified for a fee waiver because of its role as a representative of the news media, and that it was an "educational institution" pursuant to 6 C.F.R. 5.11(d). *See id.*

19. On March 24, 2022, I&A acknowledged its receipt of the 2022 Request and assigned it the reference number 2022-IAFO-00096.

20. On March 21, 2022, Defendant DHS acknowledged its receipt of the 2022 Request and assigned it the reference number 2022-HQFO-00763.

21.     On March 21, 2022, I&A acknowledged its receipt of the 2022 Request and assigned it the reference number 2022-IAFO-00096.

22.     On March 21, 2022, OIG acknowledged its receipt of the 2022 Request and assigned it the reference number 2022-IGFO-00132.

23.     On April 6, 2022, Defendant I&A sent Plaintiff a letter acknowledging its receipt of the 2022 Request. The same day, I&A sent Plaintiff its final disposition letter stating that "[d]ue to the subject matter of [the] request" it would transfer it to the DHS HQ FOIA office.

24.     On April 7, 2022, OIG sent Plaintiff a letter acknowledging its receipt of the 2022 Request, granting Plaintiff's request for a fee waiver, and denying Plaintiff's request for expedited processing. The next day, OIG sent Plaintiff a modified letter, eliminating a section in the original letter that stated that Plaintiff had agreed to "incur all applicable fees involved in the processing of [its] request, up to the amount of $25.00."

25.     On April 7, 2022, Defendant DHS sent a letter to the Plaintiff, dated April 6, 2022, acknowledging its receipt of the 2022 Request. In its letter, DHS also notified Plaintiff that it would "only address item 1 of" the 2022 Request, and would transfer the remaining items to OIG and I&A. In its letter, DHS also denied Plaintiff's requests for expedited processing and, seemingly, a fee waiver.

26.     On April 8, 2022, I&A closed the 2022 Request on the DHS PAL portal.

27.     On April 13, 2022, Defendant DHS sent an email to Plaintiff asking for clarification on item 5 of the 2022 Request, corresponding to "[a]ny other DHS examination of I&A's activities in Portland, Oregon during the summer of 2020, whether or not such materials have been publicly disclosed." The next day, Plaintiff responded to DHS, stating that item 5 "is

a residual clause intended to capture any DHS records that investigate, review or examine the facts/policy/law/practices related to the events in Portland in 2020, as the other items do."

28.    Plaintiff sent messages to Defendants DHS and OIG through the DHS Public Access Link ("PAL") portal asking for status updates on the 2022 Request on May 19, June 10, June 27, and August 23, 2022. Plaintiff letter to Defendant I&A asking for status updates on June 2, June 10, and June 27, 2022. Neither DHS, I&A, nor OIG responded to any of these messages.

29.    On February 7, 2023, Plaintiff sent a letter to DHS and OIG requesting an update on the status of the 2022 Request.

30.    On February 8, 2023, DHS responded to Plaintiff's February 7 letter, stating that "[t]he program office tasked regarding [the] request has provided [DHS] with potentially responsive records for" the 2022 Request and that it expected to provide Plaintiff with "a final response within 6 months."

31.    On February 10, 2023, OIG responded to Plaintiff's February 7, 2023, letter, stating it "anticipate[s] responding to [Plaintiff's] request around May 15, 2023." No records have been received from OIG.

32.    Despite their clear obligations under FOIA, within the statutory timeframe, DHS and OIG failed to complete a search and production of their records, or even provide any substantive determination in response to the 2022 Request.

33.    Because DHS and OIG have not complied with the statutory limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S FOUR JANUARY 2023 FOIA REQUESTS

34.    Plaintiff submitted four separate FOIA requests to Defendant DHS on January 27, 2023, generally seeking records relating to the nature of sweeping, interconnected DHS intelligence and homeland security programs. *See* Exs. C–F. One of the January 2023 Requests was also submitted to Defendant FBI. *See* Ex. C.

35.    Plaintiff also sought a fee waiver for each of the four January 2023 Requests pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 6 C.F.R. 5.11(k)(1) on the basis that disclosure of the requested records was in the public interest because disclosure was likely to contribute significantly to the public understanding of the activities or operations of the federal government and was not primarily in Plaintiff's commercial interest. *See* Exs. C–F. Plaintiff further stated that it qualified for a fee waiver because of its role as a representative of the news media, and that it was an "educational institution" pursuant to 6 C.F.R. 5.11(d). *See id.*

## A.  PLAINTIFF'S REQUEST FOR INFORMATION REGARDING EFFORTS TO EXPAND WATCHLISTING SYSTEMS

36.    Plaintiff's first January 2023 Request seeks information from DHS and FBI about recent efforts to expand troubling watchlisting systems beyond terrorism to other areas, including transnational organized crime. In particular, the first January 2023 Request seeks documents relating to:

(1) National Security Presidential Memorandum-7 ("NSPM-7");

(2) the Transnational Organized Crime Actor Detection Program ("TADP"); and

(3) the Transnational Organized Crime Watchlist ("TOC Watchlist"), a program managed by the FBI's Terrorism Screening Center.

*See* Ex. C.

37.    The first January 2023 Request limited the time period of the search to the window from January 1, 2016, through the date of the production of records. *Id.*

38.     On February 1, 2023, FBI acknowledged receipt of the first January 2023 Request and assigned it three Freedom of Information/Privacy Act ("FOIPA") Request Numbers:

(1) Request No. 1580596-000 for NSPM-7l;
(2) Request No. 1580599-000 for the TADP; and
(3) Request No. 1580598-000 for the TOC Watchlist.

39.  On February 10, 2023, DHS sent a final response to Plaintiff stating that the requested records are "not under the purview of DHS" and that the final response was "not a denial of [the] request," and providing a contact at the FBI.

40.  On February 28, 2023, FBI sent a final response to Plaintiff stating that it completed the search and had concluded that the requested records are exempt under 5 U.S.C. § 552(b)(7)(E) for "disclosure of techniques, procedures, or guidelines for law enforcement investigations or prosecutions and risk circumvention of the law." FBI also informed Plaintiff that it may submit an administrative appeal or appeal through OIP's FOIA STAR portal.

41.  Plaintiff timely appealed FBI's final response and denial on May 3, 2023. FBI acknowledged the appeal and assigned it appeal number A-2023-01208.

42.  Plaintiff timely appealed DHS's final response on May 11, 2023. DHS acknowledged the appeal and assigned it appeal number 2023-HQAP-00007.

43.  As of the filing of this Complaint, despite their clear obligations under FOIA, FBI and DHS have not issued substantive responses to the administrative appeals, nor has Plaintiff received any responsive records or any other substantive replies to its first January 2023 Request within the statutory timeframe.

44.  Because FBI and DHS have not complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

## B.  PLAINTIFF'S REQUEST FOR INFORMATION REGARDING INTELLIGENCE LEGAL MEMORANDA

45.    Plaintiff's second January 2023 Request seeks legal memoranda that explain DHS's legal interpretations of its expansive intelligence authorities and justify its broad intelligence capabilities. *See* Ex. D.

46.    The second January 2023 Request specified the time period of the search as the window from January 24, 2003, through the date of the production of records. *Id*.

47.    On February 10, 2023, DHS acknowledged the second January 2023 Request, assigned it DHS Reference No. 2023-HQFO-00830, and stated that it transferred the request to I&A.

48.    On February 16, 2023, Plaintiff received a letter from I&A, dated February 13, 2023, in which it acknowledged the second January 2023 Request, assigned it Reference No. 2023-IAFO-00177, and invoked a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B).

49.    Pursuant to 5 U.S.C. § 552(a)(6)(B)(i), I&A's deadline to respond was March 13, 2023.

50.    As of the filing of this Complaint, neither DHS nor I&A has issued a substantive response to the second January 2023 Request, nor has Plaintiff received any responsive records or any other substantive reply to the second January 2023 Request.

51.    Despite its clear obligation under FOIA, neither DHS nor I&A has provided any substantive determination in response to the second January 2023 Request nor released any records responsive to the second January 2023 Request within the statutory timeframe.

52.    Because neither DHS nor I&A has complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

4890-7639-1524v.9 0201142-000013                    10

## C. PLAINTIFF'S REQUEST FOR INFORMATION REGARDING INTELLIGENCE EFFORTS RELATING TO FOREIGN-BORN RESEARCHERS

53. Plaintiff's third January 2023 Request seeks information about DHS intelligence, screening, and border efforts to scrutinize foreign-born researchers and their American connections and universities under the guise of protecting research. In particular, the third January 2023 Request seeks documents relating to certain specified DHS programs:

(1) Domestic Mantis Program or Domestic Mantis Initiative ("DM");

(2) Forbidden Secrets;

(3) Project Campus Sentinel ("PCS");

(4) Project Steady Stare ("PS2"); and

(5) Stellar Sunrise Project ("SSP").

*See* Ex. E.

54. The third January 2023 Request limited the time period of the search to the window from January 1, 2016, through the date of the production of records. *Id*.

55. On February 10, 2023, DHS acknowledged the third January 2023 Request, assigned it DHS Reference No. 2023-HQFO-00831, and stated that it transferred the request to ICE, I&A, and CBP.

56. On February 11, 2023, ICE acknowledged the third January 2023 Request, assigned it Reference No. 2023-ICFO-13197, and invoked a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). ICE also improperly designated Plaintiff a "commercial requester."

57. On February 16, 2023, Plaintiff received a letter from I&A, dated February 13, 2023, in which it acknowledged the third January 2023 Request, assigned it Reference No. 2023-IAFO-00178, and invoked a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B).

58. As of the filing of this Complaint, Plaintiff has not received any correspondence from CBP.

59.    On February 22, 2023, Plaintiff sent a letter to ICE requesting clarification regarding its designation of Plaintiff as a "commercial requester," and repeating its justification for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 6 C.F.R. 5.11(k)(1).

60.    Pursuant to 5 U.S.C. § 552(a)(6)(B)(i), I&A, ICE, and CBP's deadline to respond to the request was March 13, 2023.

61.    As of the filing of this Complaint, I&A, ICE, and CBP have not issued a substantive response to the third January 2023 Request, nor has Plaintiff received any responsive records or any other substantive reply to its third January 2023 Request.

62.    Despite their clear obligation under FOIA, I&A, ICE, and CBP have not provided any substantive determination in response to the third January 2023 Request nor have they released any records responsive to the Request within the statutory timeframe.

63.    Because I&A, ICE, and CBP have not complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

## D.  PLAINTIFF'S REQUEST FOR INFORMATION REGARDING SURVEILLANCE OF AMERICANS' ELECTRONICS AND NETWORK ANALYSIS

64.    Plaintiff's fourth January 2023 Request seeks information about I&A programs that seek to extract and analyze documents and media from Americans' cell phones and laptops, and that seek to conduct "network analysis" of Americans and others inside or entering the United States. In particular, the fourth January 2023 Request seeks documents relating to several specified DHS groups and programs:

(1) DHS Joint Analysis Group ("D-JAG");
(2) National Media Exploitation Center ("NMEC");
(3) DHS I&A Homeland Identities, Targeting, and Exploitation Center ("HITEC"); and
(4) Document and Media Exploitation ("DOMEX").

*See* Ex. F.

65.    The fourth January 2023 Request limited the time period of the search to the window from January 1, 2008, through the date of the production of records. *Id*.

66.    On February 8, 2023, DHS sent Plaintiff a "final response," assigning the fourth January 2023 Request DHS Reference No. 2023-HGFO-00829, and stating that it transferred the request to I&A.

67.    On February 14, 2023, I&A sent a letter dated February 10, 2023, to Plaintiff that acknowledged the request, assigned it Reference No. 2023-IAFO-00172, and invoked a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B).

68.    Pursuant to 5 U.S.C. § 552(a)(6)(B)(i), I&A's deadline to respond was March 13, 2023.

69.    As of the filing of this Complaint, I&A has not issued a substantive response to the fourth January 2023 Request, nor has plaintiff received any responsive records or any other substantive reply to the fourth January 2023 Request.

70.    Despite its clear obligation under FOIA, I&A has not provided any substantive determination in response to the fourth January 2023 Request nor released any records responsive to the Request within the statutory timeframe.

71.    Because I&A has not complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION

### (Violation of Freedom of Information Act)

### 5 U.S.C. § 552(a)

### Against All Defendants

72. Plaintiff incorporates the above paragraphs as if set forth fully herein.

73. Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 days after receiving Plaintiff's requests or within 30 days after invoking an extension. Defendants have a legal duty to conduct an adequate search of their records for materials responsive to Plaintiff's requests. Defendants also have a legal duty to timely notify the requestor of the agency's determination and the reasons therefor.

74. Plaintiff has a legal right under FOIA to obtain the agency records it requested in the requests.

75. Defendants have violated 5 U.S.C. §§ 552(a)(6)(A)-(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with Plaintiff's requests and communicate such determination to Plaintiff within 30 days.

76. There is no legal basis for Defendants' failure to timely respond to Plaintiff's requests and provide all records responsive to the requests to Plaintiff.

77. There is no legal basis for Defendants to invoke an exemption for "disclosure of techniques, procedures, or guidelines for law enforcement investigations or prosecutions and risk circumvention of the law" under 5 U.S.C. § 552(b)(7)(E).

78. Defendants' failures to timely release agency records in response to Plaintiff's requests have violated 5 U.S.C. § 552(a)(3)(A).

79. Defendants have violated 5 U.S.C. §§ 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to Plaintiff's requests.

80.    5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiff because Defendants continue to flout FOIA and improperly withhold agency records. Because Defendants' failure to provide the requested records prevents Plaintiff from educating the public and increasing public awareness about intelligence and national security programs, Plaintiff will continue to suffer irreparable injury from Defendants' withholding of government documents responsive to Plaintiff's requests in defiance of FOIA mandates.

81.    28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award it the following relief:

A.    Enter judgment that Defendants' failure to determine within the statutorily appointed 30 days whether to comply with Plaintiff's requests and timely notify Plaintiff of such determination and its reason violates FOIA;

B.    Enter judgment that Defendants' unlawful withholding of the records requested violates FOIA;

C.    Enter an order requiring each Defendant to immediately release any and all responsive and not otherwise exempt records to Plaintiff, to release any portions of records that may otherwise be withheld consistent with the FOIA, and to provide an index describing each withheld portion of a record or completely withheld record;

D.    Award Plaintiff its reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.    Grant such further relief as the Court may deem just and proper.

4890-7639-1524v.9 0201142-000013                    15

Dated: New York, New York
June 23, 2023

Respectfully submitted,

*/s/ Jack Browning*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 489-8230
jackbrowning@dwt.com

*/s/ Samuel A. Turner*
Samuel A. Turner (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017
Phone: (213) 633-6800
samturner@dwt.com

*/s/ Thomas R. Burke*
Thomas R. Burke (*pro hac vice forthcoming*)

DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Phone: (415) 276-6500
thomasburke@dwt.com

*Counsel for Plaintiff The Brennan Center For Justice at New York University School of Law*